IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD PARKER, | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | NO. 10-5569 |
| | : | |
| WARDEN MICHAEL CURLEY, et al., | : | |
| Respondents. | : | |

## MEMORANDUM

BUCKWALTER, S. J.                                                                                                                             October 17, 2012

        On October 12, 2012, Petitioner filed objections to the Magistrate Judge's Amended Report and Recommendation.

        Part I of Petitioner's objections concern what he claims are justifiable reasons for his admittedly late filing of his petition. The filing date of the petition was August 15, 2010 while the statutory period for filing was on February 24, 2010.

        What Petitioner has failed to do is to show he was in some extraordinary way prevented from asserting his rights and that he exercised reasonable diligence in investigating and bringing his claims.

        In short, Petitioner has not set forth any facts to support any of the three circumstances in which equitable tolling is permitted; *i.e.*, (1) Respondent actually misled Petitioner; (2) Petitioner in some extraordinary way was prevented from asserting his rights; or (3) Petitioner mistakenly exercised his rights in the wrong forum.

As noted in the Magistrate Judge's Report and Recommendation (see p. 13 of R&R), the Respondents adequately support the proposition that the circumstances set forth by Petitioner did not give rise to the equitable tolling.

Part II of Petitioner's objections deal with what Petitioner calls "the interpretations concerning relevant facts and merits of issues."

The Magistrate Judge, at this court's request by order dated December 20, 2011, examined the merits of Petitioner's argument and found all of them to be without merit.

In his objections, Petitioner simply repeats what he feels were trial errors and which the Magistrate Judge carefully divided into five grounds:

- Ground One – Whether the Trial Court Erred by Permitting the Opinion Testimony of Darnell Riley as to the Meaning of the Term "Sting"

- Ground Two – Whether Trial Counsel Was Ineffective for Failing to Request a Jury Instruction with Respect to the Hearsay Testimony of Officer Cannon

- Ground Three – Whether Trial Counsel Was Ineffective for Failing to Request a Jury Instruction Concerning the Limits of Petitioner's Liability for the Actions of His Co-Conspirator

- Ground Four – Whether the Verdict Was Against the Weight of the Evidence

- Ground Five – Whether the Evidence Was Sufficient to Support Petitioner's Conviction

My review of the Magistrate Judge's careful analysis supports his conclusion that there is no merit to Petitioner's objections. An order follows.